IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

JAYDE COX                                                                        PLAINTIFF
8585 Seneca Drive Northeast
Georgetown, Indiana 47122

                                                                 Case No. _____

v.

                                                                 Judge_____


EXPERIAN INFORMATION SOLUTIONS, INC.                          DEFENDANT
475 Anton Boulevard
Costa Mesa, California 92626


        SERVE:        CT Corporation System
                      334 N. Senate Ave.
                      Indianapolis, Indiana 46204
                      (BY CERTIFIED MAIL)


** ** ** **

## VERIFIED COMPLAINT

        Comes the Plaintiff, Jayde Cox, and for her Verified Complaint against the Defendant,

Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

        1.      This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681 et seq. arising out of Defendant's failure to investigate Plaintiff's credit reporting dispute;

Defendant's false reporting of multiple charge-offs single tradelines; and Defendants' failure to

correct its false reporting of the status of the subject tradelines.

## II. PARTIES

2.     Plaintiff, Jayde Cox, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 8585 Seneca Drive Northeast, Georgetown, Indiana 47122.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

5.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

7.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Floyd County, Indiana as a result of the Defendant's doing business in Floyd County, Indiana.

## IV. FACTUAL BACKGROUND

8.     In or around January 2021, Plaintiff accessed her Experian credit report and discovered (1) a Sterling Family tradeline reporting as charged off twice; (2) a Kohl's/Capital One tradeline reporting as charged off every month for twenty-five months; and (3) a Credit Acceptance tradeline reporting twenty-three separate vehicle repossessions over a twenty-three month period.

9.     Immediately upon discovering the above-described tradelines, Plaintiff filed a

dispute with Experian regarding the inaccuracy of the tradelines.

10.     Upon information and belief, Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Sterling Family, Kohl's/Capital One, and Credit Acceptance of the disputes at or within five (5) days of Experian's receiving notice of the disputes from Plaintiff.

11.     Plaintiff never received the results of her disputes to Experian.  In March 2021, however, Plaintiff again accessed her Experian credit report and the foregoing tradelines were reporting as they had been reporting prior to Plaintiff's disputes.

12.     Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, Experian failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report or to amend Plaintiff's credit report.

13.     Upon information and belief, Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items or to amend Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's disputes.

14.     The Defendant's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendant's failure to investigate Plaintiff's dispute and Defendants' false reporting of the foregoing tradelines. In addition, the Defendants' violation of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Experian

15.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16.    Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

17.    Experian's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

18.    Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

19.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20.    Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21.    Experian's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or

sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

43.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Jayde Cox, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendant for statutory, compensatory, consequential, and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*



time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

43.    Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Jayde Cox, respectfully demands the following:

1.    Trial by jury on all issues so triable;

2.    Judgment against the Defendant for statutory, compensatory, consequential, and punitive damages;

3.    For attorneys' fees and costs; and,

4.    Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David      W.
Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
Counsel for Plaintiff

18

## VERIFICATION

I, Jayde Cox, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Jayde Cox

STATE OF INDIANA      )
                   ) SS
COUNTY OF FLOYD      )

Subscribed, sworn to and acknowledged before me by Jayde Cox this 16th day of April, 2021.

Notary Public   Danyelle N. Howell
Commission 623202   exp 5/13/2023

expires: 5/13/2023

DANYELLE N. HOWELL
Notary Public, Notary ID # 823202
State at Large, Kentucky
My commission expires 05/13/2023